**FILED**
IN THE DISTRICT COURT

IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

OCT 14 2025

POTTAWATOMIE COUNTY, OK
VALERIE M. UELTZEN, COURT CLERK
BY_____ DEPUTY

| | |
|---|---|
| WILLIAM ANASTASIO, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2025-454 |
| | ) |
| TITAN FACTORY DIRECT, | ) |
|     Defendant. | ) |

## PETITION

**COMES NOW** Plaintiff, William Anastasio, as individual, by and through his firm of record Pettis Law Firm, for his causes of action against Defendant, Titan Factory Direct, a corporation. Plaintiff alleges and states as follows:

### FACTUAL BACKGROUND

1. Plaintiff has resided in Pottawatomie County, State of Oklahoma for the past six (6) months.

2. To the best of the Plaintiffs' knowledge, Titan Factory Direct, Defendant, is foreign corporations that conduct business in Oklahoma.

3. Plaintiff entered into a contract with the Defendant to buy a home and property including lot leveling and preparation on or about the 19th day of May 2023.

4. On or about the 27th day of July 2023, the Defendants delivered to Pottawatomie County and installed the home to the property that Plaintiff purchased.

5. Plaintiff, upon inspections of the installed products, noticed incompletions, product flaws, and outright mistakes To date, those are listed as follows:

    a. Visible seams in the homes ceiling;

    b. Cracks in the homes ceiling and walls;

    c. Poor Lot Development;

   d. Kitchen window will not shut;

   e. Gaps in crown molding, in several rooms;

   f. Water is settling under and around the house due to poor lot development;

   g. Incorrect installation of doors;

   h. No concrete runners were put on the lot for the trailer to be placed on;

   i. The home has linoleum that is damaged;

   j. Cracks in marriage beams;

   k. Damaged kitchen cabinet;

   l. Both Bathroom showers were not properly installed;

   m. Kitchen counter tops damaged;

   n. Damaged refrigerator and stove;

   o. Bump and dips in the floor;

   p. Damaged walls in every room due to settling and poor lot development;

   q. As this litigation is ongoing and the Plaintiff are discovering more issues the Plaintiff reserve the right to amend and add additional discovered contractual flaws.

6. On numerous occasions, the Plaintiff notified Defendant, "Titan Factory Direct" of installation incompletion, product flaws, and outright mistakes that the Defendant delivered and installed at the Plaintiffs' home.

7. To date, Defendant has not corrected the incompletions, flaws, and outright mistakes that the Defendant delivered to the Plaintiffs home.

## CAUSES OF ACTION

Plaintiff, hereby adopt and incorporate William Anastasio III by reference all of the statements and allegations contained above as if fully set forth herein, and in addition, brings the following causes of action against the Defendant:

## CLAIM I – BREACH OF CONTRACT

8. The Defendant, Titan Factory Direct, Inc. has fully Breached the Contract between the Defendant and the Plaintiff through their violations of the warranties and covenants found within the Contract. Defendant, Titan Factory Direct, Inc. actions have left the Plaintiff in an unfinished and damaged home while the Defendant has reaped the monetary benefits from the Contract.

9. Oklahoma Case Law has well defined Breach of Contract. "A breach of contract is defined as a failure, without legal excuse, to perform any promise that forms the whole or part of a contract." Lincoln Farm, L.L.C. v. Oppliger, 2013 OK 85, ¶ 0, 315 P.3d 971, 972

10. Within the thirteen (13) page Contract between the Defendant and the Plaintiff exist certain provisions defining the warranties and covenants, both specific and broad that exist between the parties. More specifically the Plaintiff would direct the Court's attention to the "Warranties & Claims" provision on page 4 of the Contract and all of the "Special Up-Grades/Options" section on pages 4 and 5 of the Contract. (See Attached Plaintiff's Exhibit 1).

11. "Warranties & Claims: Titan Factory Direct, Inc. hereby warrants to Buyer that the house described in this Contract shall be in substantial conformity with the specifications set forth in this Contract and shall be free from material defects in materials and workmanship under normal use and service." *Modular Earnest Money Contract, pg.4 ¶ 4.*

12. Damage and incomplete performance in the Contractually purchased home has existed before, during, and after the signing of the Contract. Plaintiff discovered the defects and properly notified the Defendant of those material defects. (See Attached Plaintiffs Exhibit 3). Since being notified of the unacceptable material breaches of the Contract the Defendant has continually failed to repair or replace all material defects.

13. As stated earlier in this Petition those discovered material defects include seams in the homes ceiling, cracks in the homes ceiling and walls, gaps in crown molding, crown molding partially painted, and incorrect installation of doors.

14. Defendant, Titan Factory Direct, Inc. have wholly Breached the Contract with the material defects due to damage and incomplete performance. Additionally, the Defendants, Titan Factory Direct, Inc. has Breached the Contract with their failure to repair or replace material defects after proper notice was given.

15. **Wherefore**, Plaintiff humbly request that this Court Order the Defendants pay the Plaintiffs actual and punitive damages in excess of $100,000.00, attorneys fees, and any other relief as this Court deems is just and equitable.

## CLAIM II – BAD FAITH, LOSS OF USE & ENJOYMENT

16. Under the facts alleged the Defendant, Titan Factory Direct, Inc. has acted in bad faith in the completion of the Contract that is the subject of this matter, in rectifying all warranties and covenants according to the Contract, and in the Defendants' shocking treatment of the Plaintiff.

17. Bad Faith is the opposite of Good Faith. While Oklahoma Statutory Law does not define Bad Faith, it does define what Good Faith is. "Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." 25 Okla. Stat. § 9 (2022). With this in mind, Bad Faith, consists of taking unconscientious advantage of another, even through technicalities of law.

18. Defendant, Titan Factory Direct, Inc. have been made aware by the Plaintiff, William Anastasio III, on numerous occasions of the shocking defects of the home that constitute Breach of the Contract (see Plaintiffs Exhibit 3). Defendant, Titan Factory Direct Inc. has failed to rectify these many material defects in whole, and left the Plaintiff, William Anastasio III, to live in an unfinished home. Under the circumstances and the facts alleged the Defendant, Titan Factory Direct, Inc., have not acted in Good Faith but rather Bad Faith in the consummation of the parties Contract and the rectification of all of the many material defects to the Contract and within the home.

19. Defendant, Titan Factory Direct, Inc. and the Plaintiff, William Anastasio III, separately and jointly have warranties, covenants, and obligations under the Contract. Plaintiff,

William Anastasio III, has met all of their requirements under the Contract. However, Defendant, Titan Factory Direct, Breached the Contract by providing defective goods and then failed in rectifying those defects as is required by Contract. To the best of the Plaintiff's knowledge the defects were first discovered, and the Defendant notified on or about September 5, 2023. Defendant, Titan Factory Direct, Inc. through their actions and inactions has shown Bad Faith in the completion of the Contract as written.

20. **Wherefore**, Plaintiff humbly request that this Court Order the Defendant pay the Plaintiffs actual and punitive damages in excess of $75,000.00, attorneys fees, and any other relief as this Court deems is just and equitable.

## CLAIM III – UNJUST ENRICHMENT

21. Without an Order from this Court Granting the Plaintiff relief the Respondent will be Unjustly Enriched.

22. "Unjust enrichment arises when there is an expenditure [***8] by one person that adds to the property of another, coupled with a resulting injustice." Pope v. Fulton, 2013 OK CIV APP 84, ¶ 12, 310 P.3d 1110, 1113

23. Simply put the Plaintiff, William Anastasio III, entered into a contractual agreement with certain specifications for the buying and selling of a home with the Titan Factory Direct, Inc. The Plaintiff fulfilled all of his obligations under the Contract in order to buy the home as well as all those later obligations for notice of material breaches that the Defendant needed to rectify pursuant to the Contract. The Defendant wholly failed to provide the home free from any and all material defects or to rectify those material defects according to the Contract. Simply put, this meets the definition of Undue Enrichment, the Plaintiff made a monetary expenditure that added to the property of the Defendant in consideration of a home and injustice has since occurred.

24. The Defendant, Titan Factory Direct, Inc. entered into a binding contractual agreement to provide the Plaintiff, William Anastasio III, with a house "free from material defects in materials and workmanship under normal use and service." *Modular Earnest Money Contract, pg.4 ¶ 4*. The Plaintiffs, William Anastasio III, has met all of their obligations

under the Contract and followed all procedures in order to make claims under their warranty for the purpose of having fixed and rectified the numerous shocking issues within and without their home. The Defendant, Titan Factory Direct, Inc., have continually failed to meet their contractual obligations. Without intervention by this Court Granting the Plaintiff relief the Defendant shall be Unjustly Enriched through their taking of the Plaintiff's financial consideration while providing a flawed home and failing to fix the shocking issues therein.

25. Wherefore, Plaintiff humbly request that this Court Order the Defendant pay the Plaintiff actual and punitive damages in excess of $75,000 attorney fees, and any other relief as this Court deems is just and equitable.

## CLAIM IV – FRAUD

26. Under the facts alleged the Defendants, Titan Factory Direct. did intentionally commit Fraud upon the Plaintiffs, Deborah Hart and John Hart, resulting in severe financial damage that continues to accrue.

27. Under Oklahoma Law "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true. 2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true. 3. The suppression of that which is true, by one having knowledge or belief of the fact. 4. A promise made without any intention of performing it; or, 5. Any other act fitted to deceive." 15 OK Stat. § 58 (2022).

28. Plaintiff, William Anastasio III, have reasonably relied upon the statements and promises of the Defendant, Titan Factory Direct, Inc. before and since the inception of the Contract between the parties. Such promises included statements such as "More Home For Your Money." *Titan Factory Direct Website.* Since the inception of the parties Contract there have been numerous material defects that the Plaintiff have notified the Defendant of. The Defendant expressly warranted that they would fix material defects within the home.

Under the facts alleged the Plaintiff allege in good faith that the Defendant entered into the parties Contract without any intention of performing therein.

29. The Defendant actions under the facts alleged lead to the inevitable conclusion that the Defendant had no intention to fully perform their obligations under the parties Contract. As such the Defendant actions under the facts alleged constitute Actual Fraud. The Plaintiff have been financially damaged and taken advantage of by the Defendant actions.

30. **Wherefore**, Plaintiffs humbly request that this Court Order the Defendants pay the Plaintiffs actual and punitive damages in excess of $75,000.00, attorneys fees, and any other relief as this Court deems is just and equitable.

## CLAIM V – CONSTRUCTUVE FRAUD

31. In arguendo, if the Defendant did not intentionally commit Actual Fraud against the Plaintiff then their actions under the facts alleged have resulted in Constructive Fraud due to their conduct, statements, and continued Breach of Contract.

32. Pursuant to Oklahoma Law "Constructive fraud consists: 1. In any breach which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud." 15 OK Stat §15-59 (2022).

33. Defendant, Titan Factory Direct, Inc., have since the inception of the parties Contract been in Breach of Contract to the detriment of the Plaintiff. The Defendant have benefitted from the parties Contract in spite of the many material defects that constitute Breach of Contract. The Defendants have continually failed to rectify the materially defects completely. Additionally, at the time of the closing on the parties Contract the individual employee that had been the representative throughout the contractually process with the Plaintiff on behalf of the Defendant at no fault of his own was unavailable for

personal reasons. However, an employee/agent of the Defendant, Erica Salazar operation/office manager handled the closing with the Plaintiff. That individual employee/agent, Erica Salazar, was unable to identify and/or explain certain provisions of the Contract, to include the Arbitration Provisions. Never at any time have the Plaintiffs been aware of the actual effect or purpose of the Arbitration Provisions even after requesting clarification be provided by the Defendant.

34. If the Defendants did in fact intend to act in good faith and to not commit Actual Fraud upon the Plaintiff, then the Defendant actions at a minimum under the facts alleged constitute Constructive Fraud. Without relief Ordered by this Court the Plaintiffs will be unjustly and un-equitably harmed.

35. **Wherefore**, Plaintiff humbly request that this Court Order the Defendants pay the Plaintiff actual and punitive damages in excess of $75,000.00, the arbitration clause be set aside and held for naught, attorney fees, and any other relief as this Court deems is just and equitable.

**WHEREFORE**, premises considered, Plaintiff, William Anastasio III, as an individual, respectively request that this Court enter a Judgement against the Defendant in excess of $100,000.00 for actual and punitive damages, attorney fees, and any other relief as this Court sees just and fit. Plaintiffs further request that the arbitration clause of the parties be set aside due to the bad actions of the Defendant and as the Plaintiff was not ever properly made aware or informed of the details of the arbitration provision.

|  |  |
|---|---|
| **ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** | Respectfully submitted,<br><br>*/s/ Jim Cole Pettis*<br>Jim Cole Pettis, OBA No. 16967<br>PETTIS LAW FIRM<br>1111 N. Kickapoo<br>Shawnee, OK 74801<br>Telephone: (405) 275-6984<br>**ATTORNEYS FOR PLAINTIFF** |

## VERIFICATION

STATE OF OKLAHOMA            )
                             )  ss.
COUNTY OF POTTAWATOMIE       )

    William Anastasio III, of lawful age and being duly sworn, declares that the statements made in the foregoing pleading are true and correct to the best of her knowledge.

_____
William Anastasio III, Plaintiff

## NOTARY

    The above signed William Anastasio III has subscribed and sworn these statements to me this 27th day of September, 2025.

(SEAL)

Tammie Barnes
Notary Public

Commission Expires: 10/26/27

Commission No. 23014302