UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM ANASTASIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1336-G |
| | ) |
| TITAN FACTORY DIRECT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff William Anastasio initiated this action on October 14, 2025, in state court, alleging breach of contract, bad faith, unjust enrichment, and fraud against Defendant Titan Factory Direct. *See* Pet. (Doc. No. 1-1). The case was removed to this Court on November 12, 2025. Because Plaintiff has failed to comply with the Court's orders and applicable rules, the Court now dismisses the action without prejudice.

I.    *Background*

As of February 3, 2026, Plaintiff had not filed an entry of appearance in this case. *See* LCvR 83.4. The Court therefore ordered that, within fourteen days, either Plaintiff's counsel must enter an appearance or Plaintiff must file a written notice indicating his intent to appear pro se in this case. *See* Order of Feb. 3, 2026 (Doc. No. 10). Plaintiff subsequently failed to file an entry of appearance or otherwise contact the Court.

On June 4, 2026, the Court directed Plaintiff to show cause no later than June 17, 2026, why this action should not be dismissed due to Plaintiff's failure to prosecute and failure to comply with the Court's prior order. *See* Order to Show Cause (Doc. No. 12).

The order was mailed to Plaintiff at his state-court counsel's address of record.  As of this date, Plaintiff has not filed a response, requested an extension of time to do so, or otherwise been in contact with the Court regarding this action.

II.      *Discussion*

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  Fed. R. Civ. P. 41(b).  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."  *Huggins v. Sup. Ct. of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

CONCLUSION

Accordingly, this action is DISMISSED without prejudice.  A separate judgment shall be entered.

IT IS SO ORDERED this 16th day of July, 2026.

CHARLES B. GOODWIN
United States District Judge